IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 17, 2013 Session

## KIM BROWN v. AUTOZONE, INC., ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-003203-11     Robert L. Childers, Judge**

**No. W2012-01255-COA-R3-CV - Filed May 15, 2013**

The trial court entered summary judgment in favor of Defendants in this action asserting claims for fraudulent misrepresentation; civil conspiracy; negligence, breach of contract; and violation of the Consumer Protection Act.  Plaintiff appeals; we affirm.

**Tenn. R. App. P. 3 Appeal as of right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S. and HOLLY M. KIRBY, J., joined.

Kim Brown, *Pro Se*.

Mark J. Downton, Nashville, Tennessee, for the appellees, AutoZone, Inc. and CRC Industries, Inc.

### MEMORANDUM OPINION[1]

On July 8, 2011, Plaintiff Kim Brown (Mr. Brown) filed a complaint pursuant to the Tennessee Consumer Protection Act ("the TCPA") against CRC Industries, Inc. ("CRC") and AutoZone, Inc. ("AutoZone"; collectively, "Defendants") alleging that Defendants had made

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

false and misleading statements concerning a product called "Guaranteed to Pass." He filed an amended complaint (hereinafter, "complaint") on July 19. In his complaint, Mr. Brown alleged that "Guaranteed to Pass" ("the product") was manufactured by CRC and sold by AutoZone; that Defendants had made deceptive, unlawful, unfair, reckless and malicious statements in their marketing of the product; and that he had suffered injuries and loss as a result of Defendants' willful, knowing, conscious, intentional and fraudulent acts and practices. Mr. Brown alleged that he purchased the product from AutoZone after having difficulty passing annual emissions testing in Memphis in late December 2010 and early January 2011; that the product guaranteed that a vehicle owner will pass an emissions test after using the product; that he used the product as instructed by a clerk at AutoZone; and that his vehicle nevertheless failed emissions testing more than ten times after he used the product. He alleged that the product offered a double the money back guarantee; that he requested a refund of double the purchase price; and that Defendants refused to refund him as advertised. Mr. Brown alleged that Defendants' "product promotion is full of guile, crafty, cunning, cruel, deceptive, reckless, fraudulent, unfair, and does not work as stated." He also alleged that the product instructions included on the packaging were "microscopic," and that the "big wording and microscopic wording" was unfair and deceptive in violation of Tennessee law. He asserted that he had "been damaged and suffered extreme emotional distress, embarrassment, shame, depression, stress, and out of pocket losses," as well as mental loss and injury, as a result of Defendants' conduct. He further asserted that he had suffered immense emotional distress, depression, anxiety, desperation, and loss of peace of mind, in addition to out-of-pocket expenses. Mr. Brown asserted claims for fraudulent misrepresentation; civil conspiracy; negligent infliction of emotional distress; negligence; breach of contract; and violation of the consumer protection act. He prayed for compensatory damages of not less than $75 million; treble damages; punitive damages in the amount of $100 million; costs; and attorney's fees. Mr. Brown demanded a trial by jury.

Defendants answered in August 2011, generally denying all allegations of wrong-doing and asserting that the product is effective when used as directed. They asserted nineteen affirmative defenses, including failure to state a claim. In May 2012, Defendants jointly moved for summary judgment, asserting that Mr. Brown testified by deposition that he did not read or follow the instructions for use of the product or for obtaining a refund. Defendants asserted that Mr. Brown accordingly could not rely on representations allegedly made by Defendants. Defendants further asserted that Mr. Brown did not provide proof of any mental or emotional distress or damages.

The trial court heard the matter on June 1, 2012, and Mr. Brown filed a motion to alter or amend and a notice of appeal to this Court the same day the matter was heard. On June 13, 2012, the trial court entered an order entering summary judgment in favor of Defendants. In its order, the trial court found that Mr. Brown testified in his deposition that he read only

the term "Guaranteed to Pass" on the product packaging and "did not concern himself with the other writing on the box." The trial court further found that, based upon the undisputed proof, it was mathematically impossible that Mr. Brown complied with the product's directions for use. The trial court additionally found that it was undisputed that Mr. Brown received a refund request form, but that he never sent in the form to request a refund as outlined on the instructions. The trial court accordingly dismissed Mr. Brown's action in its entirety.

Mr. Brown's motion to alter or amend was heard by the trial court on July 13, 2012. The trial court determined that the motion was based, in part, on Mr. Brown's contention that certain requests for admission should have been deemed admitted. The trial court noted that Mr. Brown had never filed a motion to deem the admissions admitted, but nevertheless set aside its June 13 order "out of an abundance of caution." Following a hearing on July 19, 2012, the trial court denied Mr. Brown's motion to deem admissions admitted upon finding that, even if the admissions were admitted, they would not create a genuine issue of material fact. By order entered August 13, 2012, the trial court reinstated summary judgment in favor of Defendants. This appeal ensued.

## Issues Presented

Mr. Brown presents ten issues for our review. The issue presented by this appeal, as we condense it, is whether the trial court erred by granting Defendants' motion for summary judgment.

## Standard of Review

This action was commenced after July 1, 2011, thus Tennessee Code Annotated § 20-16-101 is applicable to this matter. The statute provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>        (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>        (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (Supp. 2012).

## *Discussion*

We begin our discussion by noting that no transcript or statement of the evidence has been filed on appeal. We additionally note that, in his brief to this Court, Mr. Brown does not contend that the trial court's summation of the undisputed facts in this case is in error. Rather, Mr. Brown asserts that he "fulfilled his end of the contract by making the purchase" of the product, and that the words "Guaranteed to Pass" on the front of the package is deceptive to the average consumer. He asserts, "[t]here is simply not a liquid formula available that can cover all the unknown variables, and car malfunctions. It is simply not possible." Mr. Brown further asserts that the instructions for use and refund on the back of the product package are deceptive and unfair where they are in small lettering where the package clearly states "Guaranteed to Pass" or "double your money back." He asserts that the formula clearly does not do that which Defendants state it does, and that the product advertising is therefore deceptive.

Significantly, Mr. Brown does not assert in his brief that he used the product in accordance with the directions provided on the packaging. He also does not assert that he followed the instructions for refund. Rather, Mr. Brown's argument, as we understand it, is that the product deceptively implies that it will work as some miraculous cure-all regardless of the manner of use, and that a simple request is all that should be required for refund.

The record in this matter contains a copy of the product packaging. The directions clearly state:

> Read entire label before using this product. Pour entire contends of 12 ounce bottle into full tank of gas. Drive the vehicle until tank is nearly empty, refill gas tank and take state emission test. As a fuel system treatment, use every 3000 miles. Not for use in diesel engines. Use one bottle for gas tanks with 16 gallons or less, two bottles over 16 gallons.

These directions are positioned on the side of the box, near the top, and directly beneath the phrase "GUARANTEED TO PASS® REDUCES EMISSIONS AND IMPROVES PERFORMANCE IN ONE TANKFUL!"

Upon review of this record, we agree with the trial court that the undisputed evidence demonstrates that Mr. Brown did not read the product instructions, and that he did not use the product as instructed. Thus, the veracity of the claims made on the package cannot be ascertained. Additionally, the evidence demonstrates that the instructions were clearly set-forth on the product packaging. They were neither hidden, concealed, nor microscopic. We accordingly affirm summary judgment in favor of Defendants.

***Holding***

In light of the foregoing, the judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Kim Brown. This matter is remanded to the trial court for enforcement of the judgment and the collection of costs.

_____
DAVID R. FARMER, JUDGE